KATARZYNA RUZ, Appellant, v. HERBERT H. JOHNSON, JR., et al., Respondents. ALBERT RUZ, Appellant, v. HERBERT H. JOHNSON, JR., et al., Respondents.

WANDA RUZ, Appellant, v. HERBERT H. JOHNSON, JR., et al., Respondents.— Plaintiffs, husband, wife and their daughter, have appealed from a judgment of no cause of action in favor of defendants Johnson; from an order of the presiding Justice (Alexander, J.), refusing to set aside the jury's verdict in their favor on all the grounds specified in section 549 of the Civil Practice Act; from an order denying their motion to correct the sealed verdict of the jury and declaring a mistrial; from an order denying their motion to vacate and set aside the judgment; from a judgment in favor of plaintiffs against defendant Victor Olszewski; and from orders in the three actions denying their motions correcting the sealed verdicts of the jury or declaring a mistrial. On December 13, 1941, plaintiffs and two other children in the same family were passengers in a car owned and operated by defendant Olszewski. The car was proceeding easterly on the Schenectady-Albany highway when it collided with the car owned by defendant Raymond Johnson and driven by defendant Herbert H. Johnson, Jr. As the result of that collision plaintiffs brought actions to recover damages against defendants Johnson and against the operator of the car in which they were passengers. The cases were tried together. Defendant Olszewski also brought an action against the defendants Johnson to recover his damages. The jury rendered a verdict in favor of the defendants Johnson in the Olszewski action. The jury also rendered verdicts in favor of plaintiffs against defendant Olszewski. Sealed verdicts were rendered. The jurors struck out of the sealed verdict the name of the defendants Johnson and stated that their verdict was against Olszewski alone. When these verdicts were presented in court the parties were all represented by experienced lawyers and no one made a motion to have any correction made as to what the finding was as to the defendants Johnson. It was assumed to be true that the jury found no cause of action as to defendants Johnson and verdicts of no cause of action were rendered in favor of those defendants. A few days after the rendition of these verdicts, a representative of the attorney for plaintiffs interviewed the jurors. Five jurors indicated that they believed the defendant Herbert H. Johnson, Jr., was negligent, four declined to make any statement, one stated that she believed the defendant Olszewski negligent but made no further comment and the remaining two jurors were not interviewed. Plaintiffs' counsel on these facts applied to the Trial Justice to set aside the verdicts and to declare a mistrial. Their motion was denied. We think the verdicts of the jury are supported by the evidence. Judgments and orders appealed from affirmed, without costs. All concur.